UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CRIMINAL MINUTES – GENERAL**

JS-3

| Case No. | 2:25-cr-00061-HDV | Date | July 22, 2025 |
|---|---|---|---|

| Present: The Honorable | Hernán D. Vera, United States District Judge |
|---|---|
| Interpreter | Not Applicable |
| Probation Officer | Not Applicable |

| Wendy Hernandez | Not Reported | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | | Present | Cust. | Bond | Attorneys for Defendant(s): | Present | Appt. | Ret. |
|---|---|---|---|---|---|---|---|---|
| David William Platek | | Not | | | Not Present | | | |

**Proceedings: IN CHAMBERS – ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS WITH PREJUDICE**

I.   **BACKGROUND**

On January 28, 2025, the government filed an indictment against Defendant David William Platek charging him with a violation of 18 U.S.C. § 875(c) (threats by interstate communication). [Dkt. No. 12]. Specifically, the indictment avers that Defendant authored a series of texts and social media posts on December 9, 11, and 16, 2024, which threatened violence on a public official. *Id.* at ¶¶ 3-5.

On May 1, 2025, the government filed a motion to dismiss the indictment, without prejudice. [Dkt. No. 31]. Several days later, Defendant opposed the motion, pointing out that the government was preparing to file a nearly identical indictment against him in the Western District of Missouri, and asserting that the dismissal here should be with prejudice to avoid prejudice to Defendant's rights under the Speedy Trial Act. [Dkt. No. 34].

The Court held oral argument on the initial motion on May 22, 2025. [Dkt. No. 44]. The Court expressed concerns that the Missouri indictment (which has since been filed) did appear to be an exercise in forum shopping and acknowledged that the attendant delay would undoubtedly affect Defendant's right to a speedy trial. The Court denied the Motion to dismiss without prejudice and found that the parallel proceedings constituted prosecutorial harassment. [Dkt. No. 46]. To that end, the Court ordered the government to either dismiss the action *with prejudice* or prepare for trial forthwith. *Id.*

In response, the government filed a second motion to dismiss, this time with prejudice. [Dkt. No. 50]. Defendant again opposed, arguing that the government cannot be allowed to maintain the Missouri action after this Court found prosecutorial harassment. The Court heard oral argument and took the matter under submission. In addition, the Court ordered the government to alert the Missouri district court to the orders and proceedings in the Central District.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CRIMINAL MINUTES – GENERAL**

## II.  DISCUSSION

The government's revised motion seeks to dismiss the indictment—with prejudice—pursuant to Fed. R. Crim. P. 48(a). In its Reply, the government clarified that the motion could be construed as a dismissal of both the indictment and the preceding complaint in this action. *See* Reply at 10 ("The government does not object to the Court deeming the motion as seeking dismissal of both the indictment and any remaining complaint, to the extent necessary to remove any doubt.").

The history of Rule 48 provides an important backdrop to the issue presented. At common law, a prosecutor had the unfettered discretion to dismiss charges against a defendant. *United States v. Gonzalez*, 58 F.3d 459, 460 (9th Cir. 1995). An early version of Rule 48 would have required prosecutors to state their reasons for dismissal on the record, but the Supreme Court modified this rule to instead require "leave of court"—a change that was adopted by Congress in the final form of Rule 48(a). *Id*. at 460–61. Thus, "[t]he primary purpose of the requirement that leave of court be obtained is to grant judges discretion to prevent the government from using its discretionary power to dismiss indictments for purposes of harassment." *Id.* at 461; *see also Rinaldi v. United States*, 434 U.S. 22, 29 n. 15 (1977) ("The principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment, *e.g.,* charging, dismissing, and recharging, when the government moves to dismiss an indictment over the defendant's objection.").

That anti-harassment purpose has been satisfied here. As discussed above, the Court noted its serious concerns about the initial dismissal without prejudice, denied that request based on its findings of harassment, and left the ultimate decision to the government—dismiss with prejudice or proceed to trial. [Dkt. No. 46]. The government has now made its election. Nothing more can be done in this district. Defendant does not cite to any authority (and the Court has found none) allowing a district court to deny a dismissal with prejudice and force the prosecutor to continue a prosecution.[1] Nor is there any authority for this Court to grant the Defendant's unorthodox request and somehow prohibit the prosecutors in Missouri from proceeding with the pending case in that jurisdiction.

The parties dispute the preclusive effect of the dismissal with prejudice—*i.e.*, whether it applies simply to Defendant's December 11 "retweet" or to the additional communications and posts on December 9 and 16, 2024. *See* Reply at 6–7. Ultimately, that is for the Missouri district court to decide. The only clarification that this Court can make is to highlight that the present dismissal with prejudice is intended to apply as a final determination on the merits for purposes of *res judicata* to the maximum extent allowable by law. Anything less would reward the gamesmanship and forum shopping that the Court finds is ultimately motivating the government's dismissal and unlawfully prejudice a Defendant that was well within his rights to demand a trial on these same issues several weeks ago.

---

[1] "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or ***not*** to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)) (emphasis added). Indeed, "[t]his broad discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review." *Wayte v. United States*, 470 U.S. 598, 607 (1985). A fulsome discussion on this issue can be found in Judge Dale Ho's opinion in *United States v. Eric Adams*, No. 24-CR-556 (S.D.N.Y. Apr. 2, 2025) [Dkt. No. 177] (dismissing matter with prejudice but denying request to appoint a special prosecutor).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CRIMINAL MINUTES – GENERAL**

The government's motion to dismiss with prejudice is granted.

**IT IS SO ORDERED.**

**cc: USPO**
   **PSA**
   **BOP**
   **USM**
   **FISCAL**